IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JAMES GARDNER DENNIS,

    Plaintiff,

v.                                             Civil Action No. 3:15CV603

HAROLD CLARKE,

    Defendant.

**MEMORANDUM OPINION**

James Gardner Dennis, a Virginia prisoner proceeding with counsel, submitted this 42 U.S.C. § 1983 complaint. Dennis demands relief upon the following grounds:

| | |
|---|---|
| Claim One | Dennis's forced participation in the Sex Offender Residential Treatment program ("SORT") violates his rights under the Fifth Amendment. (Compl. ¶ 21, ECF No. 1.) |
| Claim Two | Dennis's forced participation in SORT violates his rights to due process because:<br>(a) it allows "Dennis to be labeled a violent sex offender," (id. ¶ 14);<br>(b) it "has the potential to cause severe changes to the time to be served on his sentence," (id.); and,<br>(c) "once an inmate is enrolled in the rehabilitation program, the inmate becomes subject to highly onerous conditions requiring his civil commitment after the inmate's sentence has been served" (id. ¶ 16). |

The matter is before the Court on Dennis's Motion for Emergency Temporary Restraining Order and Motion for Preliminary Injunction (collectively "Motions for Injunctive Relief," ECF Nos. 28, 30). Dennis seeks an order removing him from SORT and

returning him to his prior place of incarceration. For the reasons set forth below, the Motions for Injunctive Relief will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Summary Of Materials Considered

In evaluating the Motions for Injunctive Relief, the Court considers the following evidence submitted in support of and in opposition to the Motion for Summary Judgment. Clarke submitted an affidavit from Marissa M. Coon, the Program Director for SORT. (Mem. Supp. Mot. Summ. J. Ex. 1 ("Coon Aff.," ECF 10-1).) In response, Dennis submitted his own declaration. (Mem. Opp'n Mot. Summ. J. Ex. 1 ("Dennis Decl.," ECF No. 11-1).) Additionally, Dennis submitted a Psychological Evaluation And Assessment of Sexual Interest that appears to have been prepared as a defense exhibit for Dennis's criminal sentencing in 2008. (Id. Ex. 2 ("Psychological Evaluation," ECF No. 11-2).)

Additionally, the Court considers the evidence offered by the parties in support of and in opposition to the Motions for Injunctive Relief. Dennis has submitted his own declarations. (Mem. Supp. Mot. TRO & Prelim. Inj. Ex. 1 ("Dennis TRO Decl.," ECF No. 29-1)); (Reply Ex. 1, ("Dennis TRO Supp'l Decl.," ECF No. 34-1).) In opposition to the Motions for Injunctive Relief, Clarke has submitted, inter alia, an affidavit from S. Robertson, a Unit Manager at Greensville Correctional Center

("GCC"), (Def.'s Supp'l Resp. TRO Ex. 1, ("Robertson Aff.," ECF 32-1)), and the affidavit of S.R. Taylor, a nurse at GCC. (Id. Ex. 2, ("Taylor Aff.").)

### B. Summary Of Pertinent Facts

#### 1. Dennis's Convictions And Referral To SORT

Dennis "was convicted by the Albemarle Circuit Court for twenty counts of Possession of Child Pornography, one count of Sexual Battery, and one count of Computer Use to Commit Certain Sex Offense with a Minor." (Coon Aff. ¶ 10.) Dennis asserts that he entered Alford[1] pleas to each of these offenses, and Dennis continues to believe that he did not commit any crime. (Dennis TRO Decl. ¶ 4.) The public records, however, reflect that Dennis actually pled guilty to the twenty counts of possession of child pornography. Dennis v. Jennings, No. 7:11-cv-00245, 2011 WL 6293279, at *3, *6 (W.D. Va. Dec. 13, 2011).

For purposes of sentencing, Dennis's attorney referred Dennis for a Psychological Evaluation and Assessment of Sexual Interest. (Psychological Evaluation 1.)[2] The Psychological Evaluation appears to have been submitted as a defense exhibit at sentencing. (Id.) The psychologist administered a "STATIC 99 . . . an instrument designed to assist in the prediction of sexual and violent recidivism for sexual offenders." (Id. at

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

[2] The Court employs the pagination assigned by CM/ECF to the Psychological Evaluation.

3

5.) According to the psychologist, Dennis's score of 1 on the STATIC 99 "suggest[s] that Mr. Dennis is at a very low risk for sexual reoffending." (<u>Id.</u> at 6.) On November 12, 2008, the Albemarle Circuit Court sentenced Dennis to eleven (11) years of incarceration. (Compl. ¶ 6; Answer ¶ 7.)

On July 15, 2015, Dennis was transferred from Coffeewood Correctional Center to GCC Center for participation in SORT. (Compl. ¶ 9; Answer ¶ 10.) "Dennis is a security level 2 inmate." (Robertson Aff. ¶ 7.) GCC "houses inmates classified as security levels 2 and 3." (<u>Id.</u>)

SORT "is part of the VDOC Sex Offender Services Program, whose mission is to enhance public and institutional safety by providing evidence based assessment, treatment, re-entry, and supervision services to sex offenders." (Coon Aff. ¶ 4.) "The primary goal of these programs is to help sex offenders manage their deviant thoughts and/or behaviors to reduce both sexual and non-sexual recidivism." (<u>Id.</u>) Coon asserts that:

> Offenders who participate in sex offender treatment, including SORT, have the opportunity to learn about problems they may have had in their relationships with other people. They learn how to make better choices by taking charge of their thinking. They also learn skills to help improve and manage stress. And they learn about the issues that led to their sexual offense, which improves their chances of successful future re-entry into society.

(<u>Id.</u> ¶ 5.)

"[M]ale sexual offenders with 18 to 36 months remaining until their scheduled prison release date who are deemed to be moderate to high risk of sexual reoffending are referred to" SORT. (Id. ¶ 6.) For purposes of SORT, an individual is deemed to be a sexual offender if he was convicted of a sexual offense. (Id.)

Offenders are not provided with a hearing or notice prior to being referred to SORT. (Id. ¶ 7.)

If an individual is accepted into SORT, he or she will "receive individualized assessment and treatment targeting their identified risk factors and treatment needs. Their treatment may include psychoeducation, group therapy, and/or individual therapy." (Id. ¶ 8.) Additionally, SORT includes "discharge planning prior to [an] offender['s] release [which] identifies areas for continued treatment based on [the offender's] progress in . . . SORT . . . and [his] identified risk factors." (Id.)

An offender has the right to refuse to participate in SORT. (Id. ¶ 9.) "But offenders who decline entry into the SORT program risk loss of good time and the ability to receive good time, and they may receive a disciplinary charge. [Nevertheless,] an offender's sentence is not increased if he refuses to participate in sex offender treatment programs." (Id.)

5

Participation in SORT "does not label or automatically deem an offender a" Sexually Violent Predator ("SVP").[3] (Id. ¶ 11.) "[B]eing referred to or participating in the SORT program is not related to whether an offender is subject to civil commitment as an SVP." (Id.)

Dennis submits the following evidence in protesting his assignment to SORT:

> Prior to my sentencing for which I am now incarcerated, I was examined by Jeffrey C. Fracher, Ph.D. ("Fracher"), a clinical psychologist that is a Virginia Certified Sex Offender Treatment Provider. . . . Rather than rely upon this professional assessment, . . . the VDOC determined their own "STATIC-99" score for me. The VDOC "STATIC-99" score was determined by an unknown VDOC employee that never met or interviewed me.

(Dennis Decl. ¶¶ 2-5 (paragraph numbers omitted).)

Participation in SORT requires that Dennis acknowledge having committed at least one sex offense and attest that treatment may reduce the risk of re-offending. (Dennis TRO Decl. ¶ 3.) Dennis is offended by this requirement because he

---

[3] The pertinent statute states:

> Sexually violent predator" means any person who (i) has been convicted of a sexually violent offense, or has been charged with a sexually violent offense and is unrestorably incompetent to stand trial pursuant to § 19.2-169.3; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts.

Va. Code Ann. § 37.2-900 (West 2016).

6

does not believe that he "actually commit[ted] any crime." (Id. ¶ 4.)

### 2. Facts Giving Rise To Motions For Injunctive Relief

On March 28, 2016 and March 29, 2016, Dennis filed a Motion for Emergency Temporary Restraining Order and Motion for Preliminary Injunction. Because the Motions were inadequately briefed, by Memorandum Order entered on March 30, 2016, the Court denied the Motion for Emergency Temporary Restraining Order and Motion for Preliminary Injunction without prejudice. The Court noted:

> with respect to his likelihood of success, Dennis must address the line of authority that provides that a § 1983 action for an alleged Fifth Amendment violation "cannot proceed if the compelled testimony was never admitted into evidence in court." Sornberger v. City of Knoxville, Ill., 434 F.3d 1006, 1026 (7th Cir. 2006) (citing Burrell v. Virginia, 395 F.3d 508, 512 (4th Cir. 2005)). Additionally, the Court notes that, since Dennis is not scheduled to be released in the next year, it is difficult to discern how he will be irreparably harmed in the absence of preliminary injunctive relief. Dennis fails to explain why any harm he may suffer for his refusal to participate in the SORT program cannot be remedied by the restoration of good time credits or other privileges if the Court ultimately finds that his forced participation is unconstitutional.

(ECF No. 25, at 3.)

On June 7, 2016 and June 8, 2016, Dennis filed the Motions for Injunctive Relief that are presently before the Court. Dennis notes that on April 25, 2016, at 7:35 p.m., he was assaulted by another inmate while in the SORT unit at GCC.

7

(Dennis TRO Decl. ¶ 11.) On that date, inmate A. Woodson picked up a pot of boiling water and poured it on Dennis's back. (Dennis TRO Supp'l Decl. ¶ 13.) Dennis sustained first and second degree burns to a significant portion of his body. (Dennis TRO Decl. ¶ 16.) Dennis received medical care for his injuries. (See Taylor Aff. ¶¶ 4-5.) The blisters on Dennis's back have now healed. (Dennis TRO Supp'l Decl. ¶ 7.)

Based on the assault, Dennis and Woodson were placed in a Restrictive Housing Unit while VDOC staff conducted an investigation. (Robertson Aff. ¶ 6.) Dennis and Woodson were subsequently released from the Restrictive Housing Unit and are no longer housed in the same housing unit. (Id.)

## II. ANALYSIS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).[4] "The analytical framework for applying the teachings of Winter was clearly

---

[4] "The standard for granting either a TRO or a preliminary injunction is the same." Moore v. Kempthorne, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (citations omitted).

articulated by the United States Court of Appeals for the Fourth Circuit in Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010)." Malon v. Franklin Fin. Corp., 3:14CV671-HEH, 2014 WL 6791611, at *3 (E.D. Va. Dec. 2, 2014) (parallel citations omitted). Dennis, as the party seeking a preliminary injunction, bears the burden of establishing that each factor supports granting the injunction. Real Truth, 575 F.3d at 346. Each factor must be demonstrated by a "clear showing." Winter, 555 U.S. at 22. The failure to show any one of the relevant factors mandates denial of the preliminary injunction. Real Truth, 575 F.3d at 346.

Dennis has failed to make any clear showing that he will suffer irreparable injury in the absence of a preliminary injunction. Dennis contends that because he "is now viewed by his fellow inmates as both a violent sex offender and a 'snitch,' Dennis is likely to suffer further attacks if he is forced to remain at" GCC. (Mem. Supp. Mot. TRO & Prelim. Inj. 8, ECF No. 29.) Dennis has submitted no persuasive evidence that his fellow inmates view him as violent sex offender. The record indicates that Dennis is a sex offender housed with other sex offenders. Moreover, Dennis fails to direct the Court to persuasive evidence that his fellow inmates view him as a snitch. Dennis directs the Court to no evidence that suggests

there is a substantial risk that Woodson or some other inmate is likely to assault him in the near future because he is participating in SORT.[5] See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (emphasizing that "the required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.'" (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989))). Furthermore, for the reasons set forth in the forthcoming Memorandum Opinion on the Motion for Summary Judgment, Dennis fails to demonstrate that he is likely to succeed on the merits.[6]

---

[5] Dennis has not brought an Eighth Amendment claim alleging that he has been exposed to an excessive risk of harm and his current demand for preliminary injunctive relief is only loosely tied to the substance of his present claims. Moreover, it is understood, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." Riccardo v. Rausch, 375 F.3d 521, 525 (7th Cir.2004). Thus, "[a]ny time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates." Westmoreland v. Brown, 883 F.Supp. 67, 74 (E.D.Va.1995). Accordingly, a baseline risk of assault inherent to prison life cannot support the need for a preliminary injunction. See Grieveson v. Anderson, 538 F.3d 763, 776-77 (7th Cir. 2008).

[6] Dennis has ignored the Court's prior admonition that "with respect to his likelihood of success, Dennis must address the line of authority that provides that a § 1983 action for an alleged Fifth Amendment violation 'cannot proceed if the compelled testimony was never admitted into evidence in court.'" Sornberger v. City of Knoxville, Ill., 434 F.3d 1006, 1026 (7th Cir. 2006) (citing Burrell v. Virginia, 395 F.3d 508, 512 (4th Cir. 2005))." (ECF No. 25, at 3.)

Accordingly, the Motions for Injunctive Relief (ECF Nos. 28, 30) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 14, 2016